DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Paula Mason, guilty and sentenced her to a term of imprisonment. For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant was indicted on February 14, 2002, on one count of involuntary manslaughter in violation of R.C. 2903.04(A) (case number CR 02-1311). Appellant appeared before the trial court on February 22, 2002, was determined to be indigent and counsel was appointed. Appellant was then arraigned and entered a plea of not guilty. Appellant was indicted on May 20, 2002, on two additional counts: one of voluntary manslaughter in violation of R.C. 2903(A) and (B) and one of involuntary manslaughter in violation of R.C. 2903.04(B) (case number CR 02-1933). Appellant was arraigned and entered a plea of not guilty. Both cases arose out of the same events and proceeded together.
 {¶ 3} Appellant's trial began on May 22, 2002. On May 24, 2002, the jury returned guilty verdicts on all of the counts as charged. On June 14, 2002, appellant was sentenced to a term of six years on the involuntary manslaughter count in case number CR 02-1311; six years on the voluntary manslaughter count and four years on the involuntary manslaughter count in case number CR 02-1933. The trial court ordered that all the sentences be served concurrently. The trial court ordered appellant to pay any restitution, all prosecution costs, and any fees permitted pursuant to R.C. 2929.18(A)(4). Appellant filed a timely notice of appeal and sets forth the following four assignments of error:
 {¶ 4} "First Assignment of Error
 {¶ 5} "The Defendant-Appellant Was Denied the Effective Assistance Of Counsel at Trial, in Violation of his (sic) Sixth Amendment Rights.
 {¶ 6} "Second Assignment of Error
 {¶ 7} "The Trial Court Abused its Discretion When it Prevented the Defendant-Appellant from Introducing Examples of the Decedent's Prior Violent Acts to Show the Defendant-Appellant's Conduct was in Response to the Decedent's Acts, and Thereby Prevented Her From Having a Fair Trial, and Denying her Due Process of Law.
 {¶ 8} "Third Assignment of Error
 {¶ 9} "The Trial Court Erred to the Detriment of the Defendant-Appellant When he Sentenced Her on All Three Charges, Which Are Allied Offenses, in Violation of R.C. *** 2941.25(a).
 {¶ 10} "Fourth Assignment of Error
 {¶ 11} "The Trial Court Erred When It Ordered the Defendant-Appellant to Pay Unspecified Court Costs, Fees and to Make an Unspecified, Unsubstantiated Sum of Restitution."
 {¶ 12} In her first assignment of error, appellant argues that she was deprived of her constitutional right of effective assistance of counsel. This court finds no merit in this assignment of error.
 {¶ 13} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that her trial, due to her attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent her attorney's deficient performance. Id. at 693.
 {¶ 14} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that her trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338,351.
 {¶ 15} It is well established that the constitution does not guarantee a perfect trial or even the best available defense. The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Id. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart (1988), 57 Ohio App.3d 4,10.
 {¶ 16} In this assignment of error, appellant argues that her trial counsel erred in failing to elicit testimony from witnesses about the past violence between the victim and appellant. Specifically, appellant argues her trial counsel was ineffective in failing to call witnesses to establish appellant's fear of the victim.
 {¶ 17} Decisions such as the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992),75 Ohio App.3d 219, 230. The decision whether to call a witness is generally a matter of trial strategy and, absent a showing of prejudice, does not deprive a defendant of effective assistance of counsel. Id. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips (1995),74 Ohio St.3d 72, 85. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 48-49.
 {¶ 18} Moreover, reviewing courts must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners. Strickland
at 689; State v. Keenan (1998), 81 Ohio St.3d 133, 153. Upon review, this court concludes that appellant's trial counsel was not ineffective in failing to call additional defense witnesses.
 {¶ 19} Appellant also contends that her trial counsel was ineffective in his cross-examination of witnesses about the contentious nature of appellant's relationship with the victim. An appellate court reviewing an ineffective assistance of counsel claim must not scrutinize trial counsel's strategic decision to engage, or not engage, in a particular line of questioning on cross-examination. State v. Davis (Dec. 4, 1995), 12th Dist. No. CA94-12-214. Such decisions are presumed to be the product of a sound trial strategy. Clayton, 62 Ohio St.2d at 48-49. As noted supra, debatable strategic decisions may not form the basis of a claim for ineffective assistance of counsel. Phillips,74 Ohio St.3d at 85. Therefore, appellant's trial counsel was not ineffective in his cross-examination of witnesses.
 {¶ 20} Appellant also argues that trial counsel did not challenge a juror remaining on the jury after the juror informed the court that a witness was her cousin. A review of the trial transcript shows that, after a juror indicated to the prosecutor that she knew a witness, the trial court, the prosecutor, and appellant's trial counsel questioned the juror in chambers. The trial court asked a series of questions and determined that the juror did not see this cousin often; that she had not seen him for a couple of years; that this did not present a problem to her in terms of being a juror; and that she understood that she would have to weigh his credibility. Appellant's trial counsel asked the juror if she could treat him like any other witness and the juror responded "yes."
 {¶ 21} The Ohio Supreme Court has stated that "the conduct of voir dire by defense counsel does not have to take a particular form, nor do specific questions have to be asked. (Citation omitted.)" State v.Cornwell (1999), 86 Ohio St.3d 560, 568. Moreover, "counsel is in the best position to determine whether any potential juror should be questioned and to what extent." State v. Murphy (2001), 91 Ohio St.3d 516,539. Therefore, appellant's trial counsel was not ineffective in failing to ask additional questions and in failing to challenge this juror remaining on the jury.
 {¶ 22} Appellant also argues that trial counsel was ineffective when he failed to file a motion for a new trial. Appellant asserts that the guilty verdicts on all three charges were inconsistent and demonstrate that the jury lost its way.
 {¶ 23} Crim.R. 33 provides in pertinent part:
 {¶ 24} "(A) Grounds
 {¶ 25} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 26} "***
 {¶ 27} "(4) That the verdict is not sustained by sufficient evidence or is contrary to law. ***"
 {¶ 28} Appellant was charged with and convicted of one count of involuntary manslaughter in violation of R.C. 2903.04(A), causing the death of another as a proximate result of committing or attempting to commit a felony; one of voluntary manslaughter in violation of R.C. 2903(A) and (B), knowingly causing the death of another while under the influence of sudden passion or in a sudden fit of rage either if which is brought about by serious provocation occasioned by the victim; and one of involuntary manslaughter in violation of R.C. 2903.04(B), causing the death of another as a proximate result of committing or attempting to commit a misdemeanor of any degree.
 {¶ 29} In regard to the voluntary manslaughter charge, there was testimony that appellant and the victim had fought that evening and that the victim hit appellant. The jury obviously concluded that appellant caused the death of the victim while under the influence of sudden passion or in a sudden fit of rage that was provoked by the victim. In regard to the involuntary manslaughter charges, the medical examiner testified that, in addition to the stab wound which punctured his heart and caused his death, the victim had a cut wound on his head, a superficial stab wound on his right side and a defensive wound to his hand. Appellant testified that she and the victim had lived together for over a year. The jury obviously concluded that appellant caused the death of the victim while committing a felony, felonious assault, and while committing a misdemeanor, domestic violence. These charges and the guilty verdicts rendered upon them are not inconsistent. Thus, appellant's trial counsel was not ineffective in failing to file a motion for a new trial on this ground.
 {¶ 30} Appellant has failed to establish that trial counsel's performance fell below the objective standard of reasonable representation. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in his representation.
 {¶ 31} In reviewing claims of ineffective assistance of counsel, appellate courts are admonished to be highly deferential, indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and refrain from second guessing strategic decisions of trial counsel. State v. Carter (1995),72 Ohio St.3d 545, 558. This last point is particularly significant as trial tactics are generally not subject to question by a reviewing court. State v. Fryling (1992), 85 Ohio App.3d 557, 562. This court will not resort to micro-management of a trial lawyer's strategy.
 {¶ 32} Appellant has not met the burden of proving that her trial counsel was ineffective. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***." Strickland, 466 U.S. at 700. After a careful review of the record, we are not convinced that the trial result would have been any different had trial counsel proceeded differently.
 {¶ 33} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 34} In her second assignment of error, appellant argues that the trial court abused its discretion when it prevented her from introducing examples of the victim's prior violent acts to show that appellant's conduct was in response to the victim's acts. This court finds no merit in this assignment of error.
 {¶ 35} The admission or exclusion of evidence is generally left to the discretion of the trial court. State v. Maurer (1984),15 Ohio St.3d 239, 265. "An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty
(1989), 45 Ohio St.3d 104, 107. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 36} "A defendant, when arguing self-defense, may testify about specific instances of the victim's prior conduct which were known to the defendant in order to establish the defendant's state of mind." State v.Spinks (1992), 79 Ohio App.3d 720, 730, citing State v. Carlson (1986),31 Ohio App.3d 72, paragraph one of the syllabus. Generally, evidence about a person's character is inadmissible for the purpose of proving he or she acted in conformity therewith on a particular occasion. Evid.R. 404(A).[1] An exception to this rule is set forth in Evid.R. 404(B)(2) which provides, inter alia, that the accused may offer evidence of a pertinent trait or character of the victim. Specific instances of conduct may be admitted into evidence only when the character or trait of character is an essential element of a charge, claim, or defense. Evid.R. 405(B).[2] Otherwise, admissible evidence regarding character or trait of character is limited to reputation or opinion of the victim's character. Evid.R. 405(A).[3]
 {¶ 37} The elements of self-defense are (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he or she was in imminent danger of death or great bodily harm; and (3) that the defendant's only means of escape from the danger was in the use of such force. State v.Robbins (1979), 58 Ohio St.2d 74, 70-80. The crucial element of self-defense is the "state of mind" of the defendant, not the character of the victim. State v. Koss (1990), 49 Ohio St.3d 213, 215.
 {¶ 38} Admissible evidence concerning the victim's character when self-defense is raised falls into two categories. The first is testimony offered to prove the defendant's state of mind at the time of the incident. The defendant may offer his or her own testimony regarding specific instances of the victim's prior violent conduct in order to establish his or her state of mind. State v. Cuttiford (1994),93 Ohio App.3d 546, 554.[4]
 {¶ 39} Appellant wished to present evidence of specific instances of the victim's criminal history through the testimony of a police officer. Clearly, this is not permissible under Evid.R. 405. Furthermore, contrary to appellant's assertion, she was permitted to present this information in her testimony. Thus, the trial court did not abuse its discretion by refusing to admit evidence of specific instances of violent incidents by the victim from a witness other than appellant.
 {¶ 40} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 41} In her third assignment of error, appellant argues that the trial court erred when it sentenced her on all three charges, arguing that they were allied offenses. This court finds no merit in this assignment of error.
 {¶ 42} Appellant cites Newark v. Vazirani (1990), 48 Ohio St.3d 81, in support of this assignment of error. However, in State v. Rance
(1999), 85 Ohio St.3d 632, paragraph one of the syllabus, the Ohio Supreme Court explicitly overruled its earlier decision in Vazirani.
 {¶ 43} R.C. 2941.25, Ohio's allied offenses statute, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clause of the United States and Ohio Constitutions. State v. Moore (1996), 110 Ohio App.3d 649, 653. R.C.2941.25 governs our analysis when determining whether two offenses are allied offenses of similar import. Rance, 85 Ohio St.3d at 636. Ohio's multiple count statute governs our analysis when determining whether the trial court violated appellant's right against double jeopardy. Rance,85 Ohio St.3d 632, paragraph three of the syllabus.[5]
 {¶ 44} Under Rance, the first step is to determine whether the offenses are "allied offenses of similar import" within the meaning of R.C. 2941.25.[6] Two offenses are allied" if the elements of the crimes "`correspond to such a degree that the commission of one crime will result in the commission of the other.'" Rance, 85 Ohio St.3d at 636. If not, the court's inquiry ends. The crimes are considered offenses of dissimilar import and the defendant may be convicted, i.e., found guilty and punished, for both. R.C. 2941.25(B); Rance, 85 Ohio St.3d at 636. However, if the elements do correspond in the manner described, the court must proceed to a second step. At that point, the court will review the defendant's conduct to determine if the crimes were committed separately or with a separate animus for each crime; if so, under R.C. 2941.25(B), the trial court may convict the defendant of both offenses. Id.
 {¶ 45} When undertaking the first step of the analysis, Rance expressly held that the court must compare the elements of the offenses in the abstract. Rance, 85 Ohio St.3d 632, paragraph one of the syllabus. Put simply, the court must look at the statutory elements of the involved crimes without considering the particular facts of the case. 85 Ohio St.3d at 636-38.
 {¶ 46} Appellant was indicted on one count of involuntary manslaughter under R.C. 2903.04(A). As noted supra, an essential element of R.C. 2903.04(A) is the commission of or attempt to commit a felony. Appellant was also indicted on a second count of involuntary manslaughter under R.C. 2903.04(B). As noted supra, an essential element of R.C.2903.04(B) is the commission of or attempt to commit a misdemeanor. Appellant was also indicted on one count of voluntary manslaughter under R.C. 2903.03(A) and (B). As noted supra, an essential element of voluntary manslaughter is that the defendant be under the influence of sudden passion or in a sudden fit of rage provoked by the victim. In comparing the elements of these crimes in the abstract, this court cannot find the elements of R.C. 2903.04(A) or (B) correspond to the elements of R.C. 2903.03(A) and (B) to such a degree that the commission of one requires the commission of another. Thus, we find the offenses are not allied offenses of similar import.
 {¶ 47} Accordingly, appellant's third assignment of error is found not well taken.
 {¶ 48} In her fourth assignment of error, appellant argues that the trial court erred when it ordered appellant to pay an unspecified amount of restitution, the costs of prosecution, and any fees permitted by R.C. 2929.18(A)(4). This court finds some merit in this assignment of error.
 {¶ 49} R.C. 2929.18(A) governs a sentencing court's authority to order restitution. This section provides that a trial court imposing a sentence for a felony conviction may sentence the offender to any financial sanction or combination of financial sanctions authorized by law. R.C. 2929.18(A)(1) permits a trial court to order an offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." Moreover, the court must engage in a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." State v. Marbury (1995),104 Ohio App.3d 179, 181. "The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty." State v. Gears (1999), 135 Ohio App.3d 297, 300. The trial court does not need to conduct a hearing to ascertain the reasonableness of the restitution if there is enough evidence in the record to substantiate the relationship of the offender's criminal conduct with the amount of the victim's loss. State v. Brumback (1996), 109 Ohio App.3d 65,83. The trial court is to determine the amount of restitution at the sentencing hearing. R.C. 2929.18(A)(1). In the case sub judice, the trial court simply ordered restitution without any specification. This does not comply with the statute's directives. It is necessary that the trial court determine the amount of restitution and order that specific amount. State v. Jones, 6th Dist. No. L-02-1047, 2003 Ohio 1865, ¶ 7.
 {¶ 50} In regard to appellant's claim regarding costs of prosecution, as noted by the appellate court in State v. Pasqualone
(2000), 140 Ohio App.3d 650, 657, Fn. 4, discretionary appeal not allowed, (1999), 86 Ohio St.3d 1438:
 {¶ 51} "*** `In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines.' (Citation omitted.)
 {¶ 52} "*** We also note that R.C. 2947.23 commands that '[i]n all criminal cases, *** the judge *** shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.' *** (Citations omitted.)"
 {¶ 53} Thus, based upon the plain language of the foregoing statute, the trial court shall assess the costs of prosecution against a defendant. Therefore, we conclude that the trial court did not err in assessing the costs of prosecution against appellant.
 {¶ 54} Accordingly, appellant's fourth assignment of error is found well-taken to the extent that the trial court erred in ordering appellant to pay restitution without specifying an amount.
 {¶ 55} The judgment of the Lucas County Court of Common Pleas as to the imposition of restitution is reversed and vacated. This cause is remanded to that court to permit the court to ascertain an appropriate award of restitution. The judgment of the Lucas County Court of Common Pleas is affirmed in all other respects. Costs divided equally between appellant and appellee.
 Judgment affirmed, in part and reversed, in part.
[1] Subject to a few exceptions, Evid.R. 404(A) provides:
"Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion ***"
[2] Evid.R. 405(B) provides:
"In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct."
[3] Evid.R. 405(A) provides:
"In all cases in which evidence of character or a trait of character of a person is admissible, proof may be testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct."
[4] The second category, not relevant in the case sub judice, is testimony about the victim's character offered to prove the victim was more likely the aggressor. State v. Baker (1993), 88 Ohio App.3d 204, ***. Testimony for this category is limited to reputation for violence or opinion evidence. Evidence about specific acts is not permitted. Id.
[5] In Rance, 85 Ohio St.3d 632, paragraph three of the syllabus, when it addressed the Double Jeopardy Clause, the Ohio Supreme Court stated:
"In Ohio it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. (Citations omitted.)"
[6] R.C. 2941.25 states:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."