DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, sentenced appellant, Marcus Anderson, to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On January 23, 2000, a complaint charging appellant with aggravated murder was filed in the Juvenile Division of the Lucas County Court of Common Pleas in regard to an offense that occurred in 1995 when appellant was 16 years old. A hearing on the state's motion to relinquish jurisdiction was held on February 18, 2000, following which a judgment entry was entered in which the juvenile court found that there was probable cause to believe that appellant committed the act alleged in the complaint and that the act would be a felony if committed by an adult. The matter was referred for further investigation pursuant to Juv.R. 30. Following a hearing on April 11, 2000, the juvenile court found that appellant was not amenable to care or rehabilitation in a juvenile facility and granted the state's motion to relinquish jurisdiction. Appellant was bound over to be tried as an adult in the general division.
 {¶ 3} On April 27, 2000, an indictment was filed against appellant with two counts: one count of aggravated murder, in violation of R.C. 2903.01(B), with a death penalty specification, and a second count of aggravated robbery, in violation of R.C.2911.01(A)(1). Both counts carried a firearm specification. Appellant entered pleas of not guilty to all counts. Trial began on February 26, 2001, and concluded on March 8, 2001. On March 9, 2001, the jury returned guilty verdicts on all counts and specifications. At a March 16, 2001 sentencing hearing, the trial court sentenced appellant to a term of life imprisonment with parole eligibility after 30 years on the aggravated murder count and 7 to 25 years on the aggravated robbery count. Three years mandatory incarceration for the firearm specifications were attached to each count. The trial court ordered the sentences for aggravated murder and aggravated robbery to be served consecutive to each other and the three year mandatory sentences for the firearm specifications to be served concurrent to each other. All of these sentences were ordered to be served consecutive to a sentence appellant was serving in an unrelated case of aggravated burglary with a firearm specification. Appellant filed a timely notice of appeal.
 {¶ 4} Appellant sets forth the following five assignments of error:
 {¶ 5} "First Assignment of Error
 {¶ 6} "The Defendant-Appellant Was Irreparably Harmed When the Trial Judge Erroneously Advised the Venire, and Subsequently the Jury, That They Would Eventually Be Determining the Defendant-Appellant's Sentence, Thereby Denying Him Due Process of Law and His Right to a Fair and Impartial Trial under TheSixth and Fourteenth Amendments to the U.S. Constitution and Section Ten, Article One of the Ohio Constitution.
 {¶ 7} "Second Assignment of Error
 {¶ 8} "Prosecutorial Misconduct During Closing Argument Denied the Defendant-Appellant Due Process of Law as Guaranteed by the Fourteenth Amendment and Thereby Denied the Defendant his Right to a Fair and Impartial Trial under the Sixth andFourteenth Amendments to the U.S. Constitution and Section Ten, Article One of the Ohio Constitution.
 {¶ 9} "Third Assignment of Error
 {¶ 10} "The Defendant-Appellant was Denied the Effective Assistance of Counsel at Trial, in Violation of hisSixth Amendment Rights.
 {¶ 11} "Fourth Assignment Of Error
 {¶ 12} "The Trial Court Erred When it Ordered the Defendant-Appellant to Pay Court-Appointed Counsel's Fees and to Make an Unspecified, Unsubstantiated Sum of Court Costs.
 {¶ 13} "Fifth Assignment Of Error
 {¶ 14} "The Cumulative Effects of the Errors in the Case Herein, Denied the Defendant-Appellant a Fair Trial Requiring That the Convictions Herein Be Reversed and the Case Remanded."
 {¶ 15} In his first assignment of error, appellant argues that the trial court erred when it advised the jury pool and subsequently the jury that they would ultimately be determining appellant's sentence. This court finds no merit in this assignment of error.
 {¶ 16} The trial court provided the jury with the following instruction during voir dire after indicating to the jury pool the charges against appellant:
 {¶ 17} "The court: * * *
 {¶ 18} "Now, in this case, we will not be concerned with and it does not involve the death penalty. I'm sure that my have crossed your mind since you sat down here today and I advised you of the charges involved, and I want to assure you that this issue will not come up during the trial. This is not a capital case even though Mr. Anderson has been charged with aggravated murder with certain specifications. Although the jury may be called upon to consider possible punishment in this case, the death penalty will not be a part of your consideration. The law does provide for the possibility of one of several penalties you may be required to consider in this case.
 {¶ 19} "If the penalty phase of the trial is reached, there will be very specific requirements presented for your consideration and your oath as a juror requires that you follow the law as I give it to you. In this case, if Mr. Anderson is found guilty beyond a reasonable doubt of the crime of aggravated murder and guilty beyond a reasonable doubt of the specification pertaining to aggravated robbery while committing aggravated murder the law provides for the possibility of life imprisonment with parole eligibility after 30 years or life imprisonment with parole eligibility after 20 years, remember, however, the defendant is at all times presumed innocent and you should not consider this in any way to imply that Mr. Anderson is guilty of any criminal offense. I simply want you to be aware of the potential possibilities in this case."
 {¶ 20} Criminal Rule 30(B) provides that the trial court, at the commencement of trial, "may give the jury cautionary and other instructions of law relating to trial procedure, credibility and weight of the evidence, and the duty and function of the jury[.]" Construing this rule, the Ohio Supreme Court held that "before the taking of evidence, a trial court may give preliminary instructions to the jury appropriate for the jury's guidance in hearing the case." State v. Comen (1990),50 Ohio St.3d 206, 210. Such preliminary instructions "prepare the jury for trial providing orientation so the jury is properly informed as to its duties and responsibilities." Id. at 209.
 {¶ 21} Defense counsel did not lodge a specific objection to the preliminary instruction. Because there was no specific objection to this instruction, appellant has waived all but plain error with respect to the instructions in question.[1]
 {¶ 22} Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." A plain error within the meaning of Crim.R. 52(B) is "an obvious error that is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings." State v. Bowman (2001),144 Ohio App.3d 179, 190, citing State v. Craft (1977),52 Ohio App.2d 1, 7. Under a plain error analysis, it must be clear from the record that an error was committed and, except for the error, the result of the trial clearly would have been otherwise. Id., citing State v. Bock (1984), 16 Ohio App.3d 146, 150. The plain error doctrine must be applied with the utmost caution and invoked only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Cooperrider (1983),4 Ohio St.3d 226, 227.
 {¶ 23} Appellant is correct that the language used by the trial court in the preliminary instruction was not correct. Nevertheless, it is well established that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. State v. Price
(1979), 60 Ohio St.2d 136, paragraph four of the syllabus. In examining the entire jury charge, the following instructions were also given to the jury at the conclusion of the presentation of evidence:
 {¶ 24} "The court: You may not discuss or consider the subject of punishment. You are to determine the guilt or innocence of the defendant and to determine the additional finding submitted to you. At this stage of the proceedings, your duty is confined to whether the State has proved the charges in the indictment, namely aggravated murder and the specification to that charge, and aggravated robbery, beyond a reasonable doubt against the defendant, Marcus Anderson."
 {¶ 25} The trial court gave the correct instruction when the case was given to the jury. The trial court's correct jury instruction at the close of the case further diminishes the already slim possibility that the jury decided the case with an incorrect instruction on the possible penalties. When reviewing the jury instructions as a whole, it cannot be said that "but for the error, the outcome of the trial clearly would have been otherwise." State v. Underwood (1983), 3 Ohio St.3d 12, syllabus. Furthermore, as noted by the Supreme Court of Ohio, statements made during voir dire cannot reasonably be thought to affect sentencing verdicts. See State v. Jones (2001),91 Ohio St.3d 335, 353. Thus, no prejudice to appellant can be shown from the misstated preliminary instruction.
 {¶ 26} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 27} In his second assignment of error, appellant argues prosecutorial misconduct during closing argument. This court finds no merit in this assignment of error.
 {¶ 28} Prosecutors are entitled to wide latitude during closing arguments. State v. Brown (1988), 38 Ohio St.3d 305,316. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and, if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, 165, cert. denied (1990), 498 U.S. 1017. Generally, conduct of a prosecuting attorney at trial shall not be grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Papp (1978), 64 Ohio App.2d 203, 211. An appellant is entitled to a new trial only when a prosecutor asks improper questions or makes improper remarks and those questions or remarks substantially prejudiced appellant. Statev. Smith (1984), 14 Ohio St.3d 13, 14. In analyzing whether an appellant was deprived of a fair trial, an appellate court must determine whether, absent the improper questions or remarks, the jury would have found the appellant guilty. State v. Maurer
(1984), 15 Ohio St.3d 239, 267. In reviewing allegations of prosecutorial misconduct, a prosecutor's conduct should be assessed within the context of the entire trial, and more specifically, the entire closing argument, to determine whether it was prejudicial. State v. Keenan (1993), 66 Ohio St.3d 402,410. As noted by the Ohio Supreme Court, a trial is similar to an arena of combat where our adversarial system generates both tension and turmoil during trial, State v. Stephens (1970),24 Ohio St.2d 76, 82, and that trials cannot be "squeezed dry of all feeling." State v. Keenan, 66 Ohio St.3d at 409. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982), 455 U.S. 209, 219. No objections were made to the complained of comments. Therefore, this assignment of error must be reviewed under the plain error doctrine cited supra.
 {¶ 29} Appellant relies upon State v. Keenan,66 Ohio St.3d at 409, in support of this assignment of error. In State v.Keenan, the Ohio Supreme Court reversed and remanded a murder conviction due to the flagrant and consistent misconduct of the prosecutor. The court held it to be error for the prosecution to denigrate the defense counsel or to offer a personal opinion, finding that the prosecutor's pattern of misconduct occurred throughout much of the trial as well as during closing argument. Id. at 405-406.
 {¶ 30} Appellant also cites State v. Burke (May 12, 2000), 6th Dist. No. L-98-1166, L-98-1165. This court reversedBurke on grounds of prosecutorial misconduct. In that case, this court found that the prosecutor attempted to inflame the emotions of the jury when he stated: "If you don't think that we proved our case beyond a reasonable doubt, let him go out the doors. But look over your shoulder if you do."
 {¶ 31} This court has carefully examined this record of over 1,600 pages, in particular, the complained of comments during closing argument, and finds that the prosecutor's comments did not deprive the defendant of a fair trial. The misconduct in the case before this court is not nearly as egregious as that in either Keenan or Burke. Reviewing the comments in the context of the entire argument, as we are required to do, State v.Moritz (1980), 63 Ohio St.2d 150, 157, and in light of the plain-error standard, we cannot say that but for the prosecutor's comments, appellant would have been acquitted. When the prosecutor's comments are considered in context of the rebuttal argument, this court cannot find that appellant was denied due process due to prosecutorial misconduct.
 {¶ 32} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 33} In his third assignment of error, appellant argues that he was denied effective assistance of trial counsel. This court finds no merit in this assignment of error.
 {¶ 34} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under theSixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorneys' deficient performance. Id. at 693.
 {¶ 35} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin
(1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338, 351.
 {¶ 36} It is well established that the constitution does not guarantee a perfect trial or even the best available defense. TheSixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Statev. Martens, 90 Ohio App.3d at 351. Effective assistance of counsel does not guarantee results. State v. Longo (1982),4 Ohio App.3d 136, 139.
 {¶ 37} In this assignment of error, appellant asserts that he was denied effective assistance of trial counsel when trial counsel failed to object to the trial court's instruction given to the jurors in preliminary instructions as discussed in the first assignment of error; when trial counsel failed to object to what appellant characterizes as opening argument by the prosecutor during voir dire; and when trial counsel failed to object to during the prosecutor's closing argument.
 {¶ 38} The decision not to object is one of trial strategy.State v. Hunt (1984), 20 Ohio App.3d 310, 311 (trial counsel's failure to make objections are `within the realm of trial tactics' and do not establish ineffective assistance of counsel.). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." State v. Phillips (1995),74 Ohio St.3d 72, 85. The decision of trial counsel not to pursue every possible trial tactic for reasons of strategy does not result in ineffective assistance of counsel. State v. Brown
(1988), 38 Ohio St.3d 305, 319, certiorari denied (1989),489 U.S. 1040.
 {¶ 39} Appellant additionally asserts that he was denied effective assistance of trial counsel when trial counsel failed to inquire about reasonable doubt during voir dire. The Ohio Supreme Court has recognized that "`the conduct of voir dire by defense counsel does not have to take a particular form, nor do specific questions have to be asked.'" State v. Cornwell
(1999), 86 Ohio St.3d 560, 568, quoting State v. Evans (1992),63 Ohio St.3d 231, 247. Moreover, "counsel is in the best position to determine whether any potential juror should be questioned and to what extent." State v. Murphy (2001),91 Ohio St.3d 516, 539.
 {¶ 40} Upon review of the record and the relevant law, this court finds that trial counsel was not ineffective as contended by appellant. Taken in context, the actions of appellant's attorney did not fall below the required professional standard of reasonable representation. On the contrary, appellant was vigorously represented by his trial counsel who was tenacious in seeking rulings advantageous to appellant.
 {¶ 41} Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 42} In his fourth assignment of error, appellant argues that the trial court erred when it ordered him to pay court-appointed attorney fees and to pay an unspecified sum of court fees. This court finds no merit in this assignment of error.
 {¶ 43} In its judgment entry, the trial court stated: "Defendant ordered to pay any costs of prosecution, including any fees associated with appointment of counsel." As appellant's trial counsel was retained, there were no "fees associated with appointment of counsel" and, thus, appellant's argument concerning court-appointed attorney fees is moot.
 {¶ 44} In support of his argument concerning costs of prosecution, appellant cites R.C. 2929.28. However, as this court stated in State v. Day, 6th Dist. No. L-02-1013,2003 Ohio 1863, ¶ 8:
 {¶ 45} "* * * R.C. 2929.28, however, deals with reimbursement by arsonists for costs of investigation and prosecution and therefore is not relevant to this case since appellant was convicted of rape, not arson. We note that while R.C. 2929.18(A)(4) provides the trial court with the authority to order the reimbursement by the offender of costs for sanctions incurred by the government, it does not require the trial court to specify the amount of those costs at sentencing." See, also,State v. Scott, 6th Dist. No. L-01-1337, 2003 Ohio 1868, ¶ 6, in which this court stated:
 {¶ 46} "Initially, we find that R.C. 2929.28 applies only to the requirement of a hearing in determining whether to require a defendant to reimburse the costs of investigation and prosecution in cases involving arson. This statute is therefore irrelevant to this action because appellant was convicted on charges of attempted murder with a firearm specification, felonious assault with a firearm specification, and aggravated robbery with a firearm specification — not arson."
 {¶ 47} Additionally, this court has released numerous cases in which R.C. 2947.23 is cited and discussed as a basis for the costs of prosecution being assessed against criminal defendants without a hearing. For example, in State v. Mason, 6th
Dist. Nos. L-02-1211, L-02-1189, 2003 Ohio 5974, ¶ 50-53, this court stated:
 {¶ 48} "In regard to appellant's claim regarding costs of prosecution, as noted by the appellate court in State v.Pasqualone (2000), 140 Ohio App.3d 650, 657, 748 N.E.2d 1153, Fn. 4, 140 Ohio App.3d 650, 748 N.E.2d 1153, discretionary appeal not allowed, (1999), 86 Ohio St.3d 1438:
 {¶ 49} "`* * * "In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines." (Citation omitted.)
 {¶ 50} "`* * * We also note that R.C. 2947.23 commands that "In all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." * * * (Citations omitted.)'
 {¶ 51} "Thus, based upon the plain language of the foregoing statute, the trial court shall assess the costs of prosecution against a defendant. Therefore, we conclude that the trial court did not err in assessing the costs of prosecution against appellant." See, also, State v. Scott, 6th Dist. No. L-01-1337, 2003 Ohio 1868, ¶ 7; State v. Davis, 6th Dist. No. L-01-1387, 2003 Ohio 5977, ¶ 28; State v. Kuhn, 6th
Dist. No. L-02-1141, 2003 Ohio 3099, ¶ 11; State v. Peoples, 6th Dist. No. L-02-1048, 2003 Ohio 2794, Fn 1; State v.Dearing, 6th Dist. No. L-02-1050, 2003 Ohio 2524, ¶ 4;State v. Jones, 6th Dist. No. L-02-1047, 2003 Ohio 1865, ¶ 8; State v. Robinson, 6th Dist. No. L-02-1061,2003 Ohio 1627, ¶ 17-20.
 {¶ 52} Accordingly, appellant's fourth assignment of error is found not well-taken.
 {¶ 53} In his fifth assignment of error, appellant argues that the cumulative effects of the errors denied appellant a fair trial. This court finds no merit in this assignment of error.
 {¶ 54} Although the doctrine of cumulative error exists,State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus, the doctrine is not applicable to the instant case. Because we find no error associated with appellant's first four assignments of error, there is no cumulative effect of errors to support such a claim.
 {¶ 55} Accordingly, appellant's fifth assignment of error is found not well-taken.
 {¶ 56} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
Handwork, P.J., Knepper, J., Singer, J., concur.
[1] Pursuant to Crim.R. 30(A), "A party may not assign as error the giving or the failure to give any instructions unless the party objects * * * stating specifically the matter objected to and the grounds of the objection." The failure to object to a jury instruction before the jury retires in accordance with Crim.R. 30(A) constitutes a waiver, absent plain error. State v.Underwood (1983), 3 Ohio St.3d 12, syllabus; State v.Williford (1990), 49 Ohio St.3d 247, 251.