[Cite as *State v. Galloway*, 2016-Ohio-7767.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15 CAC 11 0089 |
| BRANDON D. GALLOWAY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Criminal appeal from the Delaware
                                   Municipal Court, Case No. 15CRB02218


JUDGMENT:                          Affirmed


DATE OF JUDGMENT ENTRY:            November 15, 2016


APPEARANCES:


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| ELIZABETH MATUNE | DAVID BIRCH |
| 288 North Franklin St., Apt. C | 2 West Winter |
| Delaware, OH 43015 | Delaware, OH 43015 |

*Gwin, J.,*

{¶1}    Defendant-appellant Brandon Galloway appeals his convictions entered by the Delaware Municipal Court on:  one count of domestic violence in violation of R.C. 2929.25(A), a misdemeanor of the first degree; one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree; one count of aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree; and one count of disorderly conduct in violation of R.C. 2917.11, a misdemeanor of the fourth degree. Plaintiff-appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    On August 13, 2015, a complaint was issued against appellant for causing physical harm to the victim, H.G., appellant's father.   A jury trial was held on October 1, 2015.

{¶3}    At the beginning of the trial, the trial court held a hearing as to whether it would admit into evidence specific acts of the victim.  Counsel for appellant stated his intention in regard to those specific instances of conduct would be to question the victim and the victim's wife, on cross-examination, as to the victim's "propensity to be a violent and aggressive person."   Counsel for appellant stated he sought to introduce an aggravated menacing charge that H.G.'s wife filed against H.G.  The trial court ruled counsel for appellant could not introduce H.G.'s prior conviction through cross-examination of H.G.'s wife and could not, on cross-examination of H.G. or his wife, inquire about H.G.'s violent history or propensity for violence.  However, the trial court also found if appellant took the stand to assert self-defense, evidence of prior acts may be admissible.  Appellant did not testify during the trial.

{¶4} H.G. testified that on the morning of August 12, 2015, appellant grabbed him by the head, broke his glasses, and said he was going to kill him. Further, that appellant dragged him into the bedroom and picked up a knife. H.G. then grabbed appellant's wrist and threw him back on the bed. H.G. stated appellant let go of the knife when he saw the victim's guns located next to the nightstand in the bedroom. H.G. testified appellant picked up a gun, pointed it at him, and said he was going to shoot him. H.G. told him to "go ahead" because he knew the gun was not loaded. H.G. stated he picked up the other gun, followed appellant to the door, and told appellant he was going to shoot him. H.G. testified that appellant then got scared, handed him the gun, took his bag, and left, saying he was going to come back and "gonna get you tonight."

{¶5} The victim's wife, who is also appellant's mother, testified. She stated on the morning of August 12, 2015, she was asleep and was awoken by really loud yelling. She knew appellant "was probably upset with someone because that's the only time there's ever been yelling in our home." She went out the window to her car and called 911. She did not see what happened on that morning, she just heard yelling. Based upon her testimony about "yelling," counsel for appellant sought to cross-examine the victim's wife about a recent domestic violence complaint she filed against H.G. Appellee objected. The trial court sustained appellee's objection.

{¶6} Deputy Michael Inglish and Deputy Jason Kridler both testified at trial. Appellant told Inglish that H.G. pulled the knife on him, grabbed him, and that his actions were in self-defense after H.G. attacked him. Appellant told Kridler that H.G. came at him, pushed him, and tried to punch him. Kridler testified he observed the bedroom in disarray, the blood on the sheets, the large knife on the nightstand, and the shotgun

between the wall and the dresser.  Both deputies testified to H.G.'s minor injuries.  Inglish stated they charged appellant rather than H.G. because of the statements obtained and the physical evidence.

{¶7}  The jury found appellant guilty and, On October 1, 2015, the trial court entered a journal entry finding appellant guilty of domestic violence, assault, aggravated menacing, and disorderly conduct.

{¶8}  Appellant appeals the October 1, 2015 judgment entry of the Delaware Municipal Court and assigns the following as error:

{¶9}  "I. THE TRIAL COURT ERRED IN RESTRICTING THE DEFENDANT'S CROSS-EXAMINATION IN VIOLATION OF THE DEFENDANT'S SIXTH AMENDMENT CONSTITUTIONAL RIGHTS."

I.

{¶10}  In his assignment of error, appellant contends the trial court abused its discretion by excluding testimony concerning H.G.'s violent character and propensity for violence in a case where the jury received a self-defense jury instruction and where the evidence was admissible to show that he did not create the situation giving rise to the incident, i.e., that he was not the aggressor in their alteration and that his state of mind was such that he was acting upon a reasonable belief that he needed to use force to defend himself.

{¶11}  The admission or exclusive of relevant evidence rests within the sound discretion of the trial court.  *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).  Self-defense is an affirmative defense and the burden of going forward with evidence on

that issue and the burden of proof by a preponderance of the evidence, is upon the accused. R.C. 2901.05(A).

{¶12} Evid.R. 404(A)(2) governs the admission of evidence concerning character of a victim and provides as follows:

> Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions: * * *
>
> (2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same * * *.

{¶13} Where character evidence is permitted, Evidence Rule 405 governs the permissible methods for proving character and provides, in pertinent part:

> Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
>
> Specific instances of conduct. In cases in which character or a trait of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

{¶14} In *State v. Barnes*, the Ohio Supreme Court spoke to several aspects of the question of how Evid.R. 404 and 405 function when, as here, a defendant seeks to adduce evidence concerning the victim's violent character in support of the defendant's claim for self-defense. 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. The Ohio

Supreme Court held that specific instances of a victim's prior conduct are not admissible to prove that a victim was the initial aggressor, regardless of a defendant's knowledge. *Id.* The Court reasoned that while a victim's "violent propensity may be pertinent to proving that he acted in a way in such that a defendant's responsive conduct satisfied the elements of self-defense, no element requires proof of the victim's character or character traits." *Id.* Since a defendant can "successfully assert self-defense without resort to proving any aspect of the victim's character," Evid.R. 405(B) "precludes a defendant from introducing specific instances of the victim's conduct to prove that the victim was the initial aggressor." *Id.*

{¶15} Subsequent to the holding in *Barnes*, the Ohio Supreme Court reaffirmed its decision in *Barnes* finding a victim's character is not an essential element of a self-defense claim. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864. Additionally, that Evid.R. 405(A) does not allow a party to use extrinsic evidence of specific instances of a person's character to rebut the other party's evidence regarding that person's character. *Id.* The Court further held that Evid.R. 405 authorizes the use of specific instances of conduct in two situations: (1) on cross examination of other party's character witness and (2) in cases where character or a trait of character of a person is an essential element of a charge, claim, or defense. *Id.*

{¶16} In this case, appellant sought to admit evidence of H.G.'s propensity for violence by cross-examining H.G. and/or his wife regarding a recent domestic violence claim by H.G.'s wife against him.

{¶17} The first method in *Hale* is inapplicable in this case because neither H.G. nor his wife testified as character witnesses on behalf of the prosecution. Each testified

as a fact witness as to what happened in the house that morning. While appellant argues appellee opened the door when H.G.'s wife testified she knew appellant "was probably upset with someone because that's the only time there's ever been yelling in our home," we find the testimony from H.G.'s wife about yelling dealt with her factual description of the incident, not testimony about H.G.'s propensity or reputation for violence.

{¶18} Further, unlike the facts in *Hale* where appellant sought to rebut the state's evidence of the victim's character, in this case, appellant sought to open the door to elicit specific acts evidence by first cross-examining H.G. and/or his wife about H.G.'s character so appellant could further cross-examine them about specific instances of conduct. However, pursuant to *Hale*, Evid.R. 405(A) does not provide for this method of impeachment, as *Hale* provides specific incidents of conduct may be elicited on cross-examination only if the witness testified as a character witness on direct examination. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864. Neither H.G. nor his wife testified as to the character or character trait of any other individual on direct examination.

{¶19} As to the second exception in *Hale*, the character of H.G. is not an essential element to a claim of self-defense as *Barnes* provided that Evid.R. 405(B) precludes a defendant from introducing specific instances of the victim's conduct to prove that the victim was the initial aggressor. *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240.

{¶20} Appellant also argues the testimony was admissible to demonstrate his state of mind at the time of the incident.

**{¶21}** We first note that, when appellant attempted to introduce this evidence at trial, he never stated that its purpose was to prove appellant's state of mind in regards to self-defense.  Because appellant now provides on appeal a reasoning other than the one he advanced at the trial court level, he has forfeited all but plain error regarding the issue. *State v. Tibbets*, 92 Ohio St.3d 146, 2001-Ohio-132, 749 N.E.2d 226; *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864.  The rule places several limitations on a reviewing court's determination to correct an error despite the absence of a timely objection at trial:  "(1) there must be an error, i.e., a deviation from a legal rule, (2) the error must be plain, that is, an error that constitutes an obvious defect in the trial proceedings, and (3) the error must have affected substantial rights such that the trial court's error must have affected the outcome of the trial."  *State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688.  The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).  Upon our review of the record, we find no plain error occurred.

**{¶22}** Additionally, even if appellant had argued during trial that the evidence should be admissible to show appellant's state of mind for self-defense, we still find the trial court did not abuse its discretion in not admitting the evidence.

**{¶23}** As we have previously stated in *State v. Richards,* 5th Dist. Licking No. 2011-CA-00074, 2012-Ohio-1115 and *State v. Snyder*, 5th Dist. Tuscarawas No. 10AP060021, 2011-Ohio-3334, while appellant argues this evidence was relevant to show his state of mind and therefore relevant to his claim of self-defense, specific

instances of conduct are only permitted when the character trait of a person is an essential element of the claim or defense. "The victim's propensity for violence was not an essential element of appellant's claim that he acted out of a fit of passion or rage, and her propensity for violence is not an essential element of the defense of self-defense." *Id.*

**{¶24}** Further, appellant did not testify in this case and sought to introduce the evidence through cross-examination of H.G. and/or his wife. However, courts have not extended the state of mind exception to witnesses other than a defendant. *State v. Evans,* 8th Dist. Cuyahoga No. 79895, 2002-Ohio-2610; *State v. Miles*, 8th Dist. Cuyahoga No. 81480, 2003-Ohio-2651; *State v. Mason*, 6th Dist. Lucas Nos. L-02-1211, L-02-1189, 2003-Ohio-5974. As the Sixth District stated, "an alleged victim's purported violent nature is not an essential element of self-defense and therefore, witnesses other than the defendant have no admissible basis for testifying to specific instances of violent conduct." *State v. Gott*, 6th Dist. Lucas No. L-11-1070, 2013-Ohio-4624.

**{¶25}** Lastly, even if the trial court erred in precluding cross-examination of the victim and his wife regarding the victim's propensity towards violence, we must review the exclusion of this evidence under the harmless error standard. Crim.R. 52(A) defines harmless error as "any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The test for determining whether the admission of erroneous evidence is harmless requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then to decide whether there is other substantial evidence to support the guilty verdict. *State v. Riffle*, 5th Dist. Muskingum No. 2007-0013, 2007-Ohio-5299.

**{¶26}** Self-defense is an affirmative defense and the burden of going forward with evidence on that issue and the burden of proof by a preponderance of the evidence, is upon the accused. R.C. 2901.05(A). To establish self-defense in the use of non-deadly force, the accused must show that: (1) he was not at fault in creating the situation giving rise the altercation and (2) that he had reasonable grounds to believe and an honest belief, even though mistaken, that he was in imminent danger of bodily harm and his only means to protect himself from such danger was by the use of force not likely to cause the death or great bodily harm. *State v. Batrez*, 5th Dist. Richland No. 2007-CA-75, 2008-Ohio-3117.

**{¶27}** In this case, appellee presented two witnesses, H.G. and his wife, who were at the home at the time of the incident. Appellee also presented the testimony of two deputy sheriffs who arrived on the scene after H.G.'s wife called 911. The testimony of the deputies was consistent with the testimony of H.G. and his wife. Appellee also supported the testimony with photographs of the crime, photographs of the victim, the weapon involved, and the audio recording of the 911 call. Though the trial court provided jury instructions to the jury on self-defense, appellant did not take the stand to assert self-defense or provide any evidence of self-defense. Rather, the deputies' testified appellant told them H.G. was the aggressor rather than appellant. Appellant did not present any testimony as to why he was not at fault in creating the situation, why he reasonably believed he needed to use force to defend himself, or that the force used was reasonable. Accordingly, we hold any error committed was harmless beyond a reasonable doubt. See *State v. Batrez*, 5th Dist. Richland No. 2007-CA-75, 2008-Ohio-3117.

{¶28} Based on the foregoing, appellant's assignment of error is overruled. The judgment of the Delaware Municipal Court is affirmed.

By Gwin, J.,

Farmer, P.J., and

Delaney, J., concur