[Cite as *State v. Warnka*, 2016-Ohio-7423.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                    Court of Appeals No. L-15-1108

      Appellee                           Trial Court No. CR0201402037

v.

Scott D. Warnka                                **DECISION AND JUDGMENT**

      Appellant                          Decided:  October 21, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Defendant-appellant, Scott D. Warnka, appeals the March 27, 2015

judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we

reverse, in part, and affirm, in part.

## A. Background

**{¶ 2}** Warnka was charged with murder and obstructing justice in connection with the stabbing death of Thomas Przybysz. On March 5, 2015, he and the state reached an agreement whereby Warnka would enter a plea of guilty to the lesser-included offense of involuntary manslaughter, a violation of R.C. 2903.04(A) and (C), with the remaining charges to be dismissed. In exchange, Warnka agreed to testify against his co-defendant.

**{¶ 3}** On March 26, 2015, the trial court sentenced Warnka to a prison term of 11 years, five years' postrelease control, and "applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." His conviction and sentence were memorialized in a judgment entry journalized on March 27, 2015. Warnka appealed and assigns the following errors for our review:

I

The trial court committed error to the prejudice of Appellant by imposing court costs and financial sanctions without consideration of Appellant's present or future ability to pay.

II

The trial court erred to the prejudice of Appellant by imposing a maximum sentence.

## B. Law and Analysis

### 1. The imposition of costs without a hearing.

{¶ 4} In his first assignment of error, Warnka argues that the trial court erred in imposing costs and financial sanctions without considering his present or future ability to pay. He acknowledges that under R.C. 2947.23, the trial court is required to assess the costs of prosecution in all criminal cases against all convicted defendants regardless of their financial status and that no hearing is required before ordering the payment of court costs. He contends, however, that under R.C. 2929.18(A)(5)(a) and 2929.19(A)(5), the trial court was required to conduct a hearing with respect to his ability to pay the costs of confinement and that it failed to consider his current or future ability to pay those costs.

{¶ 5} At the sentencing hearing, the trial court orally informed Warnka: "Because you have the ability to work we do order you to pay the costs." The court did not specify what "costs" Warnka must pay. Counsel orally moved to stay costs and fines until Warnka's release. The court called counsel to the bench. Afterwards, it announced:

> The court finds there are minimum wages in there and any court costs he shall pay. The court has not imposed a fine. He has had retained counsel, so I am not certain what the costs are in this case. We note your exception. That request to stay the fines until released from the penitentiary are denied.

3.

**{¶ 6}** The judgment entry provides as follows with respect to costs:

Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the costs assessed pursuant to R.C. 9.92(C), 2929.18, and 2951.021. Notification pursuant to R.C. 2947.23 given.

**{¶ 7}** As we understand it, Warnka concedes that the costs of prosecution were properly imposed. And it appears that counsel costs are not at issue given the indication in the record that trial counsel was retained. Thus, Warnka's challenge is limited to the imposition of the costs of confinement. The state's brief omits any discussion of the costs of confinement.

**{¶ 8}** R.C. 2929.18(A) permits a court to impose financial sanctions, including:

Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including the following: (ii) All or part of the costs of confinement under a sanction imposed pursuant to section 2929.14, 2929.142, or 2929.16 of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount

4.

of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement;

{¶ 9} In *State v. Lincoln*, 6th Dist. Lucas No. L-15-1080, 2016-Ohio-1274, ¶ 14, we explained that "before the costs of confinement and court-appointed counsel are imposed on an offender, the trial court must find that the offender has the ability to pay, and that finding must be supported by clear and convincing evidence in the record." "Clear and convincing evidence" is a degree of proof beyond a mere "preponderance of the evidence," but requires less certainty than is required under a "beyond a reasonable doubt" standard. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Clear and convincing evidence" is proof "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Additionally, in *State v. Hartsell*, 6th Dist. Lucas Nos. L-03-1039, L-03-1040, 2004-Ohio-1331, ¶ 17, we explained that the court cannot order financial sanctions, including the cost of confinement, without determining the amount of those costs.

{¶ 10} Here, the trial court at the sentencing hearing made no specific reference to costs of confinement, and certainly did not determine the amount of those costs. Furthermore, the court's discussion of Warnka's ability to pay was limited to its observation that Warnka would be able to work while in prison.

{¶ 11} We will reverse a trial court's decision to impose costs and financial sanctions if it is contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b). *State v. Farless*, 6th

5.

Dist. Lucas Nos. L-15-1060, L-15-1061, 2016-Ohio-1571, ¶ 4.  Because we find that the court imposed the costs of confinement without specifying the actual costs of confinement and the amount Warnka is able to pay, we find this portion of his sentence contrary to law.  *See State v. Scott*, 6th Dist. Lucas No. L-01-1337, 2003-Ohio-1868, ¶ 10 (remanding to trial court where "the record of the sentencing hearing fails to reveal the costs of confinement"); *see also State v. Slater*, 4th Dist. Scioto Case No. 01CA2806, 2002-Ohio-5343, ¶ 14 ("We also find no indication what the cost of confinement will be. As appellant points out, this too (i.e. determination of amount) is required by statute at the time of sentencing.").

{¶ 12} We find Warnka's first assignment of error well-taken.  We remand this matter to the trial court for resentencing as to the imposition of the costs of confinement.

### 2.  Imposition of the maximum sentence.

{¶ 13} R.C. 2929.14(A)(1) provides that for a "felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years."  The court imposed a prison term of 11 years.  In Warnka's second assignment of error, he argues that the trial court erred in imposing a maximum sentence.  Although he acknowledges that his sentence falls within the parameters set forth in R.C. 2929.14(A)(1), he insists that the trial court failed to weigh his participation as a state's witness in his co-defendant's trial as a mitigating factor.

{¶ 14} The trial court stated that it had thought "very long and hard" about the appropriate sentence to impose and it went to great lengths to explain why it had decided

6.

to impose the maximum prison sentence. It took note of Warnka's criminal history; the various times that he failed to avail himself of court-ordered substance abuse treatment; his many community control and post-release control violations; his tendency to blame others for his poor choices; his failure to maintain employment and his delay in obtaining his GED; letters it received from the victim's family, including his nine-year-old daughter; and the fact that the victim was acting as a confidential informant when he was murdered. The court found it "extremely vial (sic)" that Warnka had exacted revenge against a confidential informant, and expressed concern over the harm caused to the justice system as a result. The court explained:

> When we look at all these matters pursuant to statute and rule we find that the presumption of state incarceration has not been rebutted. We further find that pursuant to statute that the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public and therefore we do impose a greater term. And the homicide, confidential informant, brutally murdered, this court can't think of the worst form of offense for the charge of involuntary manslaughter. When we apply all of the criteria, factors which we must consider, we find that the only sentence in this case is as follows: You're ordered committed to the Ohio Department of Rehabilitation and Correction in Orient, Ohio for the maximum period of 11 years. You have your life, and he does not. You told the law enforcement system, don't work with confidential informants.

7.

{¶ 15} The court also specifically stated that it had considered R.C. 2929.11, dealing with the principles and purposes of sentencing; R.C. 2929.12, dealing with the seriousness and recidivism factors; and additional factors reflected in R.C. 2929.13. The judgment entry of sentencing reflects that all required factors were considered.

{¶ 16} The trial court was well-aware of the fact that Warnka had testified against his co-defendant. It spent much time discussing this with Warnka during the plea hearing. In addition, defense counsel reminded the court at the sentencing hearing that Warnka had cooperated at his co-defendant's trial. We find that the trial court did not ignore this; it simply concluded that his cooperation—offered in exchange for his plea to the lesser-included offense of involuntary manslaughter instead of murder—did not outweigh the many circumstances justifying the maximum sentence.

{¶ 17} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

8.

{¶ 18} The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provided guidance to reviewing courts in determining whether a sentence is contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15. In *Kalish*, the court determined that the sentence at issue was not contrary to law where the trial court considered the R.C. 2929.11 purposes and principles of sentencing, considered the R.C. 2929.12 seriousness and recidivism factors, properly applied postrelease control, and imposed a sentence within the statutory range. *Id.*

{¶ 19} Here, the court properly considered R.C. 2929.13(D); the remaining statutory provisions referenced in R.C. 2953.08(G)(2)(a) are not at issue. Turning to R.C. 2953.08(G)(2)(b), the trial court imposed a sentence within the statutory range, considered R.C. 2929.11 and 2929.12, and properly imposed postrelease control. We find no error in the trial court's sentence.

{¶ 20} Warnka's second assignment of error is not well-taken.

### C. Conclusion

{¶ 21} We find Warnka's first assignment of error well-taken, and we remand this matter to the trial court so that it can resentence Warnka with respect to the imposition of costs of confinement. If these costs are to remain part of Warnka's sentence, more detail will need to be developed as to the costs of confinement and Warnka's ability to pay. We

9.

find Warnka's second assignment of error not well-taken and affirm the 11-year prison term imposed by the court and memorialized in its March 27, 2015 judgment. Warnka and the state are ordered to share in the costs of this appeal under App.R. 24.

Judgment reversed, in part,<br>and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE