[Cite as *Sate v. Caldwell*, 2018-Ohio-2593.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Court of Appeals No. L-17-1054

Appellee

Trial Court No. CR0201602723

v.

Jason Caldwell

**DECISION AND JUDGMENT**

Appellant

Decided:  June 29, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Lucas County Court of Common Pleas.  In this case, appellant was indicted on September 20, 2016, on a singular count.  The grand jury charged appellant with a violation of R.C. 2911.01(A)(1) and (C), aggravated robbery, a felony of the first degree, in addition to a

specification that the offender displayed, brandished, indicated possession or used a firearm, pursuant to R.C. 2941.145.

{¶ 2} On February 6, 2017, the case proceeded to trial before a jury. The jury returned a verdict of guilty.

{¶ 3} On February 28, 2017, appellant was sentenced to four years for the robbery count, in addition to a mandatory and consecutive three years of incarceration for the gun specification for a total term of imprisonment of seven years. Appellant was also ordered to pay all costs and further ordered to pay restitution to the victim, a carryout store, in the amount of $1,615.

{¶ 4} Appellant sets forth three assignments of error:

I. Appellant's convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

II. The trial court erred in imposing the costs of confinement.

III. The trial court erred in imposing restitution.

## Background

{¶ 5} The following facts were adduced at trial. On September 10, 2016, a cashier, while working at the Stop & Go Carryout located at 1801 Arlington in Toledo, Lucas County, Ohio, witnessed two men enter the store at approximately 8:00 p.m. Each had black ski masks over their heads with holes uncovering their eyes and their mouths. After initially reporting to the police that both men were African-American, he realized after watching the surveillance video that one was a caucasian. The caucasian brandished

2.

a gun in the face of the cashier and indicated that if he did not "hurry it up that I was going to be shot in the face, something around those words."

{¶ 6} The cashier believed that approximately $800 was taken. The two men fled out the door.

{¶ 7} Toledo police received a report of a robbery in progress at the Stop & Go carryout on Arlington and arrived at the scene at approximately 8:15 p.m. The police immediately secured the location preventing anyone from entering the premises. Detectives were immediately summoned and arrived shortly thereafter. The store has a video surveillance system and the video was played for the detectives. Detective Cousino noticed that a still frame from the video clearly showed that one of the perpetrators had placed his right hand on a section of plexiglass on the counter. The video also showed a gun in the left hand of the person.

{¶ 8} The detective was able to lift two fingerprint samples form that plexiglass and enter those samples into the national Automated Fingerprint Identification System (AFIS) for comparison. After receiving a list of possible candidates with known fingerprints, an analysis was undertaken. A match was made with Jason Caldwell's known right little fingerprint with the fingerprint lifted from the plexiglass at the scene of the robbery.

{¶ 9} Based upon this fingerprint match, appellant was arrested at his home. He had $597 in cash in small bills in his possession at the time of his arrest.

3.

{¶ 10} The jury viewed the video evidence and heard testimony from the carryout cashier, the Toledo police officers at the scene as well as the investigating detectives. The arresting officer also testified as well as appellant's girlfriend.

**Sufficiency and Manifest Weight of the Evidence**

{¶ 11} Appellant's first assignment of error challenges the sufficiency of the evidence as well as the manifest weight of the evidence. In reviewing a challenge to the sufficiency of evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, appellate courts will not weigh evidence or assess credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 12} R.C. 2911.01 states:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

4.

(2) Have a dangerous ordnance on or about the offender's person or under the offender's control;

(3) Inflict, or attempt to inflict, serious physical harm on another.

(B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:

(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;

(2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer.

(C) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree.

(D) As used in this section:

(1) "Deadly weapon" and "dangerous ordnance" have the same meanings as in section 2923.11 of the Revised Code.

(2) "Law enforcement officer" has the same meaning as in section 2901.01 of the Revised Code and also includes employees of the department of rehabilitation and correction who are authorized to carry weapons within the course and scope of their duties.

**{¶ 13}** In the case now before this court, appellant argues that the evidence presented against him consists mainly of fingerprints. He further argues that the state could not establish that the fingerprint was left at the scene at the time of the robbery.

**{¶ 14}** The video shows a perpetrator clearly placing his hand on the plexiglass. The testimony of the responding officer was that he arrived within minutes of the call being made to 911. He then secured the scene preventing others from entering. He called the detectives who then arrived while he remained. Detectives watched the video and fingerprints were lifted from the plexiglass. Given this evidence, we find that there was sufficient evidence for the trier of fact to conclude that the fingerprints lifted from the plexiglass belonged to appellant and that they were impressed at the time of the commission of the crime. A rational trier-of-fact could have found the essential elements of aggravated robbery while brandishing a firearm to be proven beyond a reasonable doubt.

**{¶ 15}** Appellant also claims that the finding of guilty by the jury was against the manifest weight of the evidence. In a manifest weight challenge, we must determine whether the greater amount of credible evidence supports the conviction. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12. This court sits as if the "thirteenth juror" and must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a

6.

new trial ordered. *See State v. Leech*, 6th Dist. Lucas No. L-13-1156, 2015-Ohio-76, ¶ 32, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 16} The thrust of appellant's argument here is that appellant had a tattoo between his thumb and index finger that could not be seen on the videotape. However, appellant acknowledges that there was testimony that, when holding a handgun, the "loop" of the gun would obscure and cover appellant's tattoo. The videotape and testimony of the witnesses provide competent, credible evidence appellant committed aggravated robbery with a specification that he brandished a firearm during the commission of this offense. Accordingly, this assigned error is found not well-taken.

{¶ 17} Appellant's second assignment of error asserts that the trial court erred in the imposition of costs of confinement as a financial penalty. Specifically, appellant argues that the trial court erred when it failed to specify the actual costs of confinement at the time of sentencing.

{¶ 18} At the outset, we note that appellant failed to seek a waiver of costs at sentencing. Therefore, although the issue is waived and the matter of costs are considered res judicata, appellant cites to our case of *State v. Warnka*, 6th Dist. Lucas No. L-15-1108, 2016-Ohio-7423. In *Warnka*, we remanded to the trial court because the court imposed the costs of confinement without specifying the actual costs of confinement and the amount Warnka was able to pay at the time of sentencing.

7.

**{¶ 19}** We have more thoughtfully reviewed our holding in *Warnka* and have concluded that it is in conflict with our earlier holding in *State v. Anderson*, 6th Dist. Lucas Nos. L-01-1239, L-01-1248, 2004-Ohio-1188.

**{¶ 20}** In *Anderson*, we held that "while R.C. 2929.18(A)(4) provides the trial court with the authority to order the reimbursement by the offender of costs for sanctions incurred by the government, it does not require the trial court to specify the amount of those costs at sentencing." *Id.* at ¶ 45.

**{¶ 21}** Therefore, we now explicitly overrule *Warnka* with respect to our holding on the issue requiring a trial court to specify actual costs at the time of sentencing and reaffirm our holding in *State v. Anderson, supra*.

**{¶ 22}** As we held in *Anderson*, the trial court is not required to state the actual costs of confinement at sentencing. Therefore, this assignment of error is found not well-taken.

**{¶ 23}** Appellant's third assignment of error claims error in the imposition of restitution.

**{¶ 24}** R.C. 2929.18(A)(1)states:

> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of

8.

courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶ 25} Our review of the record establishes that the presentence report provides ample evidence of the amount of restitution that is owed to the carryout. We note that when the trial court imposed the restitution at the sentencing hearing, appellant raised no objection. Therefore, the objection must be considered to have been waived except for plain error. *State v. Peck*, 6th Dist. Sandusky No. S-12-046, 2013-Ohio-4835, ¶ 21. Only when an award of restitution is not supported by credible, competent evidence from which the court can discern the amount of restitution will we find plain error. In this

9.

instance, we have found competent, credible evidence in the record from which the trial court could have made such a determination. This assignment of error is found not well-taken.

## Conclusion

**{¶ 26}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                   _____
                                                                    JUDGE
Thomas J. Osowik, J.

James D. Jensen, J.                               _____
CONCUR.                                                          JUDGE

                                                                _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.