[Cite as *State v. Morgan*, 2021-Ohio-3996.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No.  L-20-1156
                                                                      L-21-1017
            Appellee                                                  L-21-1018

                                                  Trial Court No.  CR0201901924
                                                                   CR0201601737
v.                                                                 CR0201901373

Davalon C. Morgan                                 **DECISION AND JUDGMENT**

            Appellant                             Decided:

                              * * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Bertrand R. Puligandla, for appellant.


                              * * * * *

**DUHART, J.**

{¶ 1} In this consolidated appeal, appellant, Davalon Morgan, appeals the

August 12, 2020 judgments of the Lucas County Court of Common Pleas.  For the

reasons that follow, we affirm

**{¶ 2}** Appellant sets forth three assignments of error:

    I.  Crim.R. 11(C)(2)(a) prohibits a trial court from accepting a guilty plea without first personally addressing the defendant and determining that he is making the plea voluntarily.  Morgan's plea-hearing colloquy is bereft of any discussion of whether he made his guilty pleas voluntarily.  Must the Court vacate Morgan's convictions in Case Nos. CR19-1373 and CR19-1924 because he did not voluntarily enter his pleas?

    II.  Under Crim.R. 43(A)(1), the defendant has the right to be physically present at the imposition of sentence.  In its sentencing judgment entry for Case No. CR19-1373, the trial court ordered that his sentence run consecutively to those in Case Nos. CR19-1924 and CR16-1737, which it did not do at Morgan's sentencing hearing; and in its sentencing judgment entry for Case No. CR19-1924, the trial court ordered that his sentence run consecutively to those in Case Nos. CR19-1373 and CR16-1737, which it did not do at Morgan's sentencing hearing.  Are Morgan's sentences contrary to law because the trial court violated his right to be physically present?

    III.  A trial court's assessment of financial sanctions must be supported by the record.  The record here suggests that Morgan is indigent.  Is the fine the trial court assessed in Case No. CR19-1373, and the costs of

2.

appointed counsel and of confinement it assessed in all three cases, contrary

to law?

**Background**

{¶ 3} On April 9, 2016, appellant was indicted in Lucas County Common Pleas

Court, case No. CR16-1737, for trafficking in cocaine, possession of cocaine and

aggravated possession of drugs. Appellant was arraigned and pled not guilty.

{¶ 4} On March 1, 2019, appellant was indicted in Lucas County Common Pleas

Court, case No. CR19-1373, for trafficking in cocaine, possession of cocaine, tampering

with evidence and endangering children. Appellant was arraigned and pled not guilty.

{¶ 5} On May 23, 2019, appellant was indicted in Lucas County Common Pleas

Court, case No. CR19-1924, for trafficking in cocaine, possession of cocaine, aggravated

trafficking in drugs and aggravated possession of drugs. Appellant was arraigned and

pled not guilty.

{¶ 6} On October 24, 2019, appellant pled no contest, in case No. CR16-1737, to

aggravated possession of drugs, and the remaining counts of the indictment were

dismissed. The trial court accepted the plea, appellant was found guilty and sentenced to

a suspended term of 12 months, he was placed on 3 years of discretionary post-release

control, and his driver's license was suspended for 1 year.

{¶ 7} Also on October 24, 2019, appellant pled guilty, in case No. CR19-1373, to

trafficking in cocaine and endangering children, and in case No. CR19-1924, he pled

guilty to trafficking in cocaine and aggravated possession of drugs. The trial court accepted the pleas and found appellant guilty.

{¶ 8} On August 11, 2020, appellant was sentenced, in case No. CR19-1373, to 30 months in prison for trafficking in cocaine and 6 months in prison for endangering children, to be served concurrently. The court dismissed the remaining counts of the indictment. Appellant was also placed on 3 years of post-release control, his driver's license was suspended for 5 years, he was assessed a $10,000 fine and he was ordered to pay the applicable costs of prosecution and supervision.

{¶ 9} On that same day, appellant was sentenced, in case No. CR19-1924, to 17 months in prison for trafficking in cocaine and 11 months in prison for aggravated possession of drugs, to be served consecutively to each other and consecutively to the sentence in CR19-1373. The remaining counts of the indictment were dismissed. In addition, appellant was placed on 3 years of post-release control, his driver's license was suspended for 5 years, to run consecutive to the suspension in CR19-1373, and he was ordered to pay the costs of confinement and any other fees associated with the matter under R.C. 2947.23, R.C. 9.92, R.C. 2929.18(A) and R.C. 2951.021.

{¶ 10} Also on August 11, 2020, appellant admitted a community control violation, in case No. CR16-1737, and was sentenced to 10 months in prison, to be served consecutively to his sentences in case Nos. CR19-1373 and CR19-1924. Appellant was

4.

placed on 3 years of discretionary post-release control, and assessed applicable court fees and costs of confinement.

{¶ 11} On September 11, 2020, appellant filed a timely notice of appeal in case No. CR19-1924. Thereafter, appeals in case Nos. CR16-1737 and CR19-1373 were filed, and the appellate cases were consolidated.

**First Assignment of Error**

{¶ 12} Appellant observes "trial courts must strictly comply with Crim.R. 11(C)(2)(c) (containing the constitutional rights being waived), [while] they need only substantially comply with Crim.R. 11(C)(2)(a) and (b), which contain non-constitutional rights." He asserts that when he entered his guilty pleas, in case Nos. CR19-1373 and CR19-1924, the trial court completely failed to comply with Crim.R. 11(C)(2)(c) because the court never determined he was entering his pleas voluntarily. Appellant maintains the colloquy at his plea hearing is bereft of any discussion of whether he made his guilty pleas voluntarily, and he was never asked if he was making his pleas "of his own free will and volition, or whether he was doing so as the result of any threats or promises other than those contained in the plea agreement." Appellant contends "there was not any compliance with the rule, much less substantial, * * * [and this] complete failure excuses [him] from having to demonstrate prejudice" in order to have his pleas vacated.

5.

## Law

{¶ 13} "Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas" from criminal defendants. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11.

{¶ 14} Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for

obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 15} When a defendant seeks to have a plea vacated on appeal because the plea was not entered in a knowing, intelligent and voluntary manner due to the trial court's failure to comply with Crim.R. 11, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses [an appellant] from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the [appellant] met that burden?" *Dangler* at ¶ 17.[1] *See also State v. Bursley*, 6th Dist. Huron No. H-19-014, 2021-Ohio-1613, ¶ 15.

{¶ 16} If a trial court failed to explain to a defendant the constitutional rights set forth in Crim.R. 11(C)(2)(c), a reviewing court presumes the plea was entered involuntarily and unknowingly and a showing of prejudice is not required in order for the plea to be vacated. *Dangler* at ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. However, if a trial court failed to completely explain "other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Dangler* at ¶ 14, citing to *State v. Veney*, 120 Ohio

---

[1] The *Dangler* court, in effect, halted the different tiers of compliance (i.e., partial or substantial) with Crim.R. 11, noting that "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Dangler* at ¶ 17.

7.

St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Clark* at ¶ 32, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**Analysis**

{¶ 17} Appellant challenges the voluntariness of his guilty pleas on the grounds that the trial court completely failed to comply with Crim.R. 11 because the court did not expressly ask him if he was voluntarily making his pleas of his own free will or whether it was the result of threats or promises.

{¶ 18} Pursuant to *Dangler*, we must determine: whether the trial court complied with the relevant provisions of Crim.R. 11; if the trial court did not fully comply, whether appellant must show prejudice; if so, whether appellant has shown prejudice.

{¶ 19} A review of the record, including the transcript from the plea hearing and the written plea forms executed by appellant, shows the trial court fully complied with the relevant provisions of Crim.R. 11. At the plea hearing, prior to appellant entering his pleas, the trial court informed appellant of all of the constitutional rights, set forth in Crim.R. 11(C)(2)(c), which he would be waiving if he tendered guilty pleas. The trial court asked appellant:

> Do you understand that by entering pleas of guilty you are making
>
> complete admissions to the allegations contained in the indictment in case
>
> 2019-1373, that's to trafficking in cocaine, a felony of the third degree, and

8.

endangering children, a misdemeanor of the first degree, and Case Number 2019-1924, that's to trafficking in cocaine, a felony of the fourth degree, and aggravated possession of drugs, a felony of the fifth degree? Do you have any question about that, those guilty pleas?

Appellant indicated he had no questions. The trial court also explained all of the possible penalties for the four offenses to which appellant was entering guilty pleas, including the maximum penalties. The court further informed appellant about post-release control with respect to the three felonies to which he was entering guilty pleas.

{¶ 20} Appellant then pled guilty to the four offenses. The trial court asked appellant, "why are you entering guilty pleas here today? Are you accepting responsibility for your actions?" Appellant replied, "Oh, yes, yes. * * * Yes, yes, I'm just accepting responsibility for what I done."

{¶ 21} The trial court found appellant "has been informed of all of his constitutional rights, that he understands the nature of these charges, the effect of his pleas, as well as the penalties which could be imposed, and that he has made a knowing, intelligent, and voluntary decision to withdraw his former pleas * * * and tender pleas of guilty." The court accepted appellant's guilty pleas, and found him guilty.

{¶ 22} While the trial court did not specifically ask appellant if he was voluntarily entering guilty pleas of his own free will or whether it was the result of threats or promises, Ohio law does not require that a trial court ask these questions. *See State v.*

9.

*Gibson*, 2d Dist. Montgomery No. 13476, 1993 WL 114493, *4 (April 12, 1993); Crim.R. 11(C)(2). Moreover, nothing in the record suggests that appellant was in any way hesitant or confused about pleading guilty, or coerced into pleading guilty.

{¶ 23} Having found that the trial court fully complied with the relevant provisions of Crim.R. 11, our inquiry pursuant to *Dangler* ends. Appellant is not entitled to have his pleas vacated. Accordingly, appellant's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 24} Appellant asserts his sentences are contrary to law. Appellant argues the trial court modified the sentence imposed, in case No. CR19-1373, in its judgment entry when it ordered the sentence to run consecutively to the sentences in case Nos. CR19-1924 and CR16-1737, but the court did impose consecutive sentences at the sentencing hearing. In addition, appellant contends, in case No. CR19-1924, the trial court modified the sentence it issued at the sentencing hearing when it ordered, in its judgment entry, that the sentence be served consecutively to the sentences in case Nos. CR19-1373 and CR16-1737, but the court did impose consecutive sentences at the sentencing hearing.

{¶ 25} Appellant submits, under Crim.R. 43(A)(1), a defendant must be present at the imposition of sentence, and a trial court violates a defendant's right to be present when the court's sentencing judgment entry differs from the sentence imposed at the

sentencing hearing. Appellant maintains since he was not present when the court imposed consecutive sentences, his sentences are contrary to law.

**Law**

{¶ 26} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). That statute specifies that an appellate court may increase, reduce, modify or vacate and remand a challenged felony sentence if the appellate court clearly and convincingly finds "the record does not support the sentencing court's findings" under certain statutory provisions or "the sentence is otherwise contrary to law."

{¶ 27} Crim.R. 43(A)(1) provides "the defendant must be physically present at every stage of the criminal proceeding and trial, including the * * * imposition of sentence." However, "[t]he defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court." Crim.R. 43(A)(3).

{¶ 28} Courts have found a trial court errs and Crim.R. 43(A) is violated when a trial court's sentencing entry differs from the sentence announced at the sentencing hearing in a defendant's presence. *See State v. Jordan*, 10th Dist. Franklin No. 05AP-1330, 2006-Ohio-5208, ¶ 48. Such an error requires a remand for resentencing. *Id.*

**Analysis**

{¶ 29} At appellant's sentencing hearing, in case Nos. CR19-1373, CR19-1924 and CR16-1737, the trial court stated at the outset:

> We have both Mr. Luettke and Mr. Potts on behalf of Mr. Morgan. Mr. Morgan is present from the Lucas County Correction Center. * * * Either Mr. Potts or Mr. Luettke, do you formally waive your client's Criminal Rule 43 right to be physically present in the courtroom for today's sentencing hearing?

Mr. Luettke responded, "Yes, judge, we do. The court stated "Okay. And we are all present here via Zoom video technology."

{¶ 30} The court then sentenced appellant, in case No. CR19-1373, to 30 months in prison on the trafficking in cocaine offense and 180 days in the Corrections Center of Northwest Ohio ("CCNO") on the endangering children offense. The court ordered the sentences to run concurrent by operation of law, as the endangering children offense is a misdemeanor. In case No. CR19-1924, the court sentenced appellant to 17 months in prison on the trafficking in cocaine offense, and 11 months in prison on the aggravated possession of drugs offense. The court ordered the sentences to be served consecutively to one another for a total prison term of 28 months, and the sentences were "also ordered consecutive to Case Number 2019-1373." In case No. CR16-1737, the court found appellant violated the terms and conditions of his community control and sentenced him

12.

to 10 months in prison on the aggravated possession of drugs charge. The court ordered the sentence to be served "consecutively to Case Numbers 2019-1373 and 2019-1924."

{¶ 31} In the judgment entry for case No. CR19-1373, the court ordered the sentences to run concurrent to each other, and "[t]he sentence imposed in this case is ordered served consecutive to the sentences imposed in case no. CR201601737 and case no. CR201901924." In the judgment entry for case No. CR19-1924, the court ordered the sentences imposed to be "served consecutive one to another and consecutive to the sentences imposed in case no. CR201901373 and case no. CR201601737." And, in the judgment entry for case No. CR16-1737, the court ordered the sentence imposed to be "served consecutive to the sentences imposed in case no. CR201901373 and CR201901924."

{¶ 32} Upon review, we find appellant was present for the imposition of his sentences at the sentencing hearing held via Zoom, and his counsel waived appellant's Crim.R. 43 right to be physically present in court. We further find appellant's sentences imposed at the sentencing hearing are the same sentences which are reflected in the judgment entries. We therefore find appellant's sentences are not contrary to law. Accordingly, appellant's second assignment of error is not well-taken.

**Third Assignment of Error**

{¶ 33} Appellant asserts the trial court's assessment of financial sanctions must be supported by the record, and the record suggests he is indigent. Appellant observes in

case No. CR19-1373, the court imposed a $10,000 fine and assessed the costs of appointed counsel and confinement, and in the two other cases, the court assessed the cost of confinement. Appellant argues that while the court stated he had or may reasonably be expected to have the ability to pay the fine and costs, the record contradicts this determination. In addition, appellant claims the court never determined the amount of the cost of confinement that he was able to pay, as required by R.C. 2929.18(A)(5).

{¶ 34} Appellant submits, in case No. CR19-1373, his counsel requested that the trial court waive the fine because appellant was indigent, but the court denied the request, stating the court did not find appellant indigent. Appellant notes in the presentence report from case No. CR16-1737, it showed he earned $9.25 per hour, and in his previous employment he earned $9.00 per hour. Appellant also indicates, according to a risk assessment filed with the presentence report, he "'lacks financial stability,'" and "his current financial situation is characterized by 'problems.'" Appellant maintains he will not have the ability to pay the fine and costs. Thus, appellant insists, the portions of his sentences ordering him to pay the fine and costs of appointed counsel and confinement are contrary to law.

### Standard of Review

{¶ 35} "Our standard of review on this issue is whether the imposition of costs and financial sanctions was contrary to law." *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060, L-15-1061, 2016-Ohio-1571, ¶ 4.

14.

**Law**

{¶ 36} R.C. 2929.19(B)(5) provides that, "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

{¶ 37} R.C. 2929.18 states in pertinent part:

Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

* * *

(3) Except as provided in division (B)(1), (3), or (4) of this section, a fine payable by the offender to the state, to a political subdivision when appropriate for a felony, or as described in division (B)(2) of this section to one or more law enforcement agencies, in the following amount:

* * *

15.

For a felony of the third degree, not more than ten thousand dollars[.]

* * *

(5)(a) Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including the following:

* * *

(ii) All or part of the costs of confinement under a sanction imposed pursuant to section 2929.14, 2929.142, or 2929.16 of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement[.]

{¶ 38} A trial court has the discretion to access the costs of confinement and appointed counsel. *State v. Gray*, 6th Dist. Lucas No. L-15-1072, 2015-Ohio-5021, ¶ 20. If a trial court chooses to impose these costs, it must affirmatively find the defendant has, or reasonably may be expected to have, the ability to pay. *Id.* at ¶ 21. While a trial court does not have to conduct a formal hearing on a defendant's ability to pay discretionary costs, a finding of the ability to pay must be supported by clear and convincing evidence in the record. *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14. When the record on appeal reflects the trial court considered a presentence investigation report (PSI) or other information which includes the defendant's age, health, employment

history, or level of education, this is sufficient to support the trial court's imposition of discretionary costs. *State v. Ivey*, 6th Dist. Lucas No. L-19-1243, 2021-Ohio-2138, ¶ 8. In addition, "the trial court is not required to state the actual costs of confinement at sentencing." *State v. Caldwell*, 6th Dist. Lucas No. L-17-1054, 2018-Ohio-2593, ¶ 22.

**Analysis**

{¶ 39} A review of the record reveals that at the beginning of appellant's sentencing hearing, in case Nos. CR19-1373, CR19-1924 and CR16-1737, the trial court stated it "considered the record, oral statements, any victim impact statement, and PSI prepared." The court noted appellant was to be sentenced on his eleventh and twelfth felony convictions, and a community control violation. The court also observed that appellant had 62 misdemeanor convictions.

{¶ 40} When imposing sentence in case No. CR19-1373, the trial court found appellant has "or may reasonably be expected to have the means to pay for all or part of the applicable court-appointed counsel fees or costs of confinement," and ordered appellant to pay the applicable costs of prosecution and supervision. The court also imposed a $10,000 fine as to the trafficking in cocaine offense. Thereafter, appellant's trial counsel stated "I do understand the [$]5,000 is mandatory, but as [appellant] is indigent at this point, would the court consider waiving the fine?" The court responded, "[n]o, the court does not find [appellant] indigent at this time and will not waive that

17.

portion of the fine." The court mentioned it understood there was an agreed upon civil forfeiture of $512.

{¶ 41} In case No. CR19-1924, the court said to appellant before imposing sentence that it "considered your present and future ability to pay," and ordered appellant "to pay the costs of confinement and any other fees associated with this matter" pursuant to certain statutes. The court also accepted the agreed upon forfeiture of $1,481.

{¶ 42} Prior to imposing sentence in case No. CR16-1737, the court said to appellant that it "considered your present and future ability to pay," and found appellant has "or may reasonably be expected to have the means to pay for all or part of the applicable court-appointed counsel fees and costs of confinement." The court ordered appellant to pay those costs.

{¶ 43} Nothing in the record indicates appellant sought a waiver of costs for any of his three cases.

{¶ 44} All of the August 12, 2020 judgment entries for the three cases included the following language:

> Defendant found to have, or reasonably may be expected to have, the
> means to pay all or part of the applicable costs of supervision, confinement,
> assigned counsel, and prosecution as authorized by law. Defendant ordered
> to reimburse the State of Ohio and Lucas County for such costs. This order

18.

of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered.

{¶ 45} Also in the record are several PSI reports, the most recent of which set forth appellant's age, his current and previous employers, his wages, the length of his jobs and the extent of his education. And, it was documented in the latest PSI that appellant possessed several cell phones and currency when arrested. The record further shows appellant had a driver's license.

### Findings

{¶ 46} We find the record does not contradict the trial court's determination that appellant had or may reasonably be expected to have the ability to pay the fine and costs, as the record clearly and convincingly supports the trial court's finding that appellant has or may reasonably have the ability to pay the fine and financial sanctions which were imposed. We further find the trial court was not required to determine the amount of the costs of confinement appellant was able to pay. Finally, we find the court's imposition of discretionary costs is not contrary to law. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 47} The August 12, 2020 judgments of the Lucas County Court of Common Pleas are affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs incurred on appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, P.J.

_____
Myron C. Duhart, J.                                      JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.